UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED PAIN CONSULTANTS, S.C., an Illinois Corporation, CENTER FOR INTERVENTIONAL PAIN MANAGEMENT, LLC, an Illinois Corporation, and NICHOLAS P. KONDELIS, M.D., | ) ) ) ) ) ) ) | |
| Counter-Plaintiffs and Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | 15 C 479 |
| DIRK RICHMOND, | ) ) | |
| Counter-Defendant, | ) ) | |
| and | ) ) | |
| PROFESSIONAL ACCOUNT MANAGEMENT, a putative corporation, and DONNA JEAN GUSTAFSON, | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on the motion of Plaintiff and Counter-Defendant Dirk Richmond ("Plaintiff") and Third-Party Defendant Donna Jean Gustafson ("Gustafson") to dismiss the Counterclaim and Third-Party Complaint of Defendants, Counter-Plaintiffs, and Third-Party Plaintiffs Advanced Pain Consultants, S.C. ("APC"), Center for Interventional Pain Management LLC and Nicholas P.

Kondelis, M.D ("Dr. Kondelis") (collectively "Defendants") pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 9(b). For the following reasons, the motion is granted in part and denied in part. Counts III, V and VI are dismissed without prejudice.[1] The Court denies Plaintiff and Gustafson's request to dismiss the entire Counterclaim and Third-Party Complaint based on preemption. However, to the extent that any of the claims in the Counterclaim and Third-Party Complaint seek indemnification and contribution for relief under the FLSA, they are preempted and dismissed with prejudice. Defendants are given fourteen (14) days from the entry of this order to amend the Counterclaim and Third-Party Complaint consistent with this Memorandum Opinion.

## BACKGROUND

Plaintiff filed an Amended Complaint against Defendants, asserting that he had worked for them and had not received straight-time wages or overtime pay. Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, state minimum wage and wage payment statutes, and also pleaded claims for

---

[1] The decision to dismiss without prejudice is based on the Seventh Circuit holdings, directing "that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." *See*, *e.g.*, *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015) (same, quoting *Bausch*)); *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 519-21 (7th Cir. 2015) ("a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed . . . [u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted").

breach of employment agreement, tortious interference with a contract, breach of a consulting agreement and quantum meruit.

Defendants filed a Counterclaim and Third-Party Complaint against Plaintiff, Gustafson and Professional Account Management ("PAM")[2], a corporation allegedly owned by Gustafson, who is also Plaintiff's mother. For the purposes of the instant motion, the following well-pleaded allegations derived from Defendants' Counterclaim and Third-Party Complaint are accepted as true. The Court draws all reasonable inferences in favor of Defendants. Defendants allege that Gustafson and PAM were the actual employers of Plaintiff and were responsible for compensating him for straight-time wages and overtime pay.[3] As a result, in Defendants' Counterclaim and Third-Party Complaint, they alleged three counts against Plaintiff for: indemnification and contribution (Count II); fraud and intentional misrepresentation (Count III); and civil conspiracy (Count VI). They also alleged claims against Gustafson and PAM for: declaratory judgment, denoting Gustafson and PAM as the true employers of Plaintiff (against Gustafson only) (Count I); fraud (Count III); breach of contract (Count IV); breach of fiduciary duty and duty of loyalty (against Gustafson only) (Count V); civil conspiracy (Count VI); indemnification and contribution (against Gustafson only) (Count VII); and

---

[2] PAM is included in the Counterclaim and Third-Party Complaint as a third-party defendant. The attorney for Plaintiff and Gustafson does not appear to represent PAM in the instant motion.

[3] The issue surrounding Plaintiff's true employer will be parsed out in discovery.

promissory estoppel (Count VIII).  Plaintiff and Gustafson now move to dismiss the Counterclaim and Third-Party Complaint.

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claims must be described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A complaint satisfies Rule 9(b) when it alleges "the who, what, when, where, and how:

the first paragraph of a newspaper story." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). While the circumstances constituting fraud must be pleaded with particularity, a defendant's "[m]alice, intent, knowledge [or] other condition of mind ... may be averred generally." Fed. R. Civ. P. 9(b). A plaintiff who provides a "general outline of the fraud scheme" sufficient to "reasonably notify the defendants of their purported role" in the fraud satisfies Rule 9(b). *Midwest Grinding Co. v. Spitz*, 976 F.2d. 1016, 1020 (7th Cir. 1992). When details of the fraud itself "are within the defendant's exclusive knowledge," specificity requirements are less stringent. *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994). Rule 9(b)'s heightened pleading standard derives from "the potential stigmatic injury that comes with alleging fraud" and the desire to discourage a "sue first, ask questions later" approach to fraud litigation. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

## DISCUSSION

### I. Preemption—All Counts

Counts II and VII are for indemnification and contribution against Plaintiff and Gustafson, respectively. Plaintiff and Gustafson insist that the entire Counterclaim and Third-Party Complaint should be dismissed because APC has no right of contribution or indemnity from them for FLSA violations. They refer to the Counterclaim and Third-Party Complaint as a "singular effort on APC's part to be indemnified by Plaintiff and Gustafson for APC's overtime and wage liability."

5

Defendants disagree, stating that Plaintiff is not an employee of Dr. Kondelis, but instead an employee of PAM, managed by Gustafson. Thus, because no employer-employee relationship exists between Dr. Kondelis and Plaintiff, Defendants claim that preemption is inapplicable because Gustafson and PAM should be liable under the FLSA, not Defendants. Indeed, multiple employers may be held liable under the FLSA when "the facts establish that the employee is employed jointly by two or more employers," *Strauss v. Italian Village Restaurant, Inc.*, No. 1:11-CV-03202, 2012 WL 5389746, at *2 (N.D. Ill. Nov. 2, 2012), but Defendants pin liability solely on Gustafson and PAM.

Plaintiff and Gustafson's contention that the Counterclaim and Third-Party Complaint is a "singular effort" on Defendants' part to obtain indemnification for overtime and wage liability is a false premise. Counts II and VII request indemnification and contribution for "litigation costs, expenses, attorneys' fees and other potential losses and/or damages in defending the instant civil action and in pursuing the counterclaims and third-party claims." This requested relief is not specific to Plaintiff's FLSA claims—Defendants claim it is for "the alleged violations of state *and* federal law." To the extent that any of the claims in the Counterclaim and Third-Party Complaint seek indemnification and contribution for relief under the FLSA, they are preempted.[4] Yet Plaintiff and Gustafson fail to recognize that

---

[4] *See Reynoso v. Motel LLC*, 71 F. Supp. 3d 792, 799 n.10 (N.D. Ill. 2014) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999)) ("Our Court of Appeals appears not to have squarely addressed the situation before this Court, in which employers try to escape

Defendants' indemnification and contribution claims in the Counterclaim and Third-Party Complaint also relate to the state common law claims in Plaintiff's Amended Complaint, which are not preempted by the FLSA because they presently involve Plaintiff's claim for such requests as straight-time wages.[5] *See also United Cent. Bank v. Desai*, No. 13 C 5637, 2014 WL 238756, at *4 (N.D. Ill. 2014) ("Illinois law provides that a contribution claim 'may be asserted by a separate action *before or after* payment of a settlement or judgment in favor of the claimant, or may be asserted by counterclaim or by third-party complaint in a pending action.'" (quoting 740 ILCS § 100/5, emphasis in original).

Additionally, Plaintiff and Richmond have failed to convince the Court with supportive authority that: (1) the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, or the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, preempts claims for indemnification or contribution; or (2) state law is preempted to the extent that it conflicts with federal law. *See Emanuel v. Rolling in the Dough, Inc.*, No. 10 C 2270, 2010 WL 4627661, at *4 (N.D. Ill. Nov. 2, 2010). Since the Counterclaim and Third-Party Complaint seeks not only relief for FLSA liability, but

---

liquidated damages by blaming a manager entrusted with broad discretion . . . But every other Court of Appeals to address the issue, in the context of either Section 260 or a purported third-party indemnification claim, has found that it would violate the policies of the FLSA to permit employers to shift the blame even to individuals with significant authority in the employer's corporate structure."); *see also Strauss*, 2012 WL 5389746, at *3 (citing cases) ("[T]here is ample authority that holds that the FLSA precludes all such potential blame-shifting and bars third-party actions for contribution and indemnity using any tort theories.").

[5] See the Court's corresponding order on Defendants' motion to dismiss Plaintiff's Amended Complaint.

also requests contribution and indemnification for potential liability of the non-FLSA state common law claims alleged in Plaintiff's Amended Complaint (including breach of employment agreement, tortious interference with a contract, breach of consulting agreement and quantum meruit), the Court denies, at this present posture, Plaintiff and Gustafson's all-encompassing motion to dismiss the Counterclaim and Third-Party Complaint based on preemption. However, the Court does treat any indemnification or contribution sought in the Counterclaim and Third-Party Complaint for FLSA liability as preempted.

**II. Heightened Pleading Standard—Counts III and VI**

Plaintiff and Gustafson next argue that Count III (fraud and intentional misrepresentation against Plaintiff, Gustafson and PAM) and Count VI (civil conspiracy against Plaintiff, Gustafson and PAM) fail because Defendants have not met the heightened pleading standard under Rule 9(b).

In Illinois, the elements of fraudulent misrepresentation are: (1) a false statement of material fact; (2) knowledge or belief that the statement was false; (3) intent that the statement induce [Defendants] to act or refrain from acting; (4) justifiable reliance upon the truth of the statement; and (5) damages resulting from the [Defendants'] reliance on the statement. *Enter. Recovery Sys., Inc. v. Salmeron*, 401 Ill. App. 3d 65, 72, 927 N.E.2d 852, 858 (2010). After reviewing the fraud allegations in the Counterclaim and Third-Party Complaint, the Court finds that Count III fails to provide critical details about the alleged fraud—the "who, what, when, where and

how" requirements as required under Rule 9(b). *See FirstMerit Bank, N.A. v. Hosseini*, No. 14 C 8749, 2015 WL 4243484, at *10 (N.D. Ill. July 13, 2015) (citing *General Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079-80 (7th Cir. 1997)).

In addition, Count III also fails to properly allege the "knowledge" requirement necessary to plead a fraud claim. Defendants state that Plaintiff, Gustafson and PAM "knew the representations were false and untrue at the time they made said representations to [Defendants]." Under Rule 9(b), it is sufficient to plead knowledge generally, but they must "allege sufficient underlying facts from which a court may reasonably infer that [Plaintiff and Gustafson] acted with the requisite state of mind." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011) (quoting *Exergen Corp. v. WalMart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)). In their Counterclaim and Third-Party Complaint, Defendants do not reveal when and where Plaintiff and Gustafson made these alleged false statements to Defendants, what they allegedly said to induce justifiable reliance on the statements, who exactly they made the statements to, or any other particularities that would satisfy the pleading level necessary to survive dismissal.

The same applies to Count VI, the civil conspiracy claim against Plaintiff, Gustafson and PAM. To succeed in a claim of civil conspiracy under Illinois law, a party must establish: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means;

9

and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff. *Borsellino*, 477 F.3d at 509. The Court needs more particularities about the conspiratorial agreement. Although Defendants provide an alleged purpose for the civil conspiracy, allowing Plaintiff to obtain compensation for consulting services while illegally continuing to receive Public Aid benefits, Defendants fails to allege the content of the misrepresentations furthered by this conspiracy, and the method by which these misrepresentations were communicated. *See Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) ("Rule 9(b) requires that facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail.") (internal quotations omitted); *Borsellino*, 477 F.3d at 507 (civil conspiracy count based on fraud requires heightened pleading standard of Rule 9(b)). The Court, therefore, dismisses Counts III and VI without prejudice for failure to abide by the heightened pleading requirements under Rule 9(b).

### III. Breach of Fiduciary Duty—Count V

Lastly, Gustafson moves to dismiss Count V of the Counterclaim and Third-Party Complaint for breach of fiduciary duty and duty of loyalty against her on the basis that Defendants fail to allege "the kind of officer misconduct for which Illinois courts will hold an executive accountable." The parties appear to agree that Gustafson, as the Director of Billing and Medical Records and a manager of APC, is a

corporate officer, because they both use the same test for breach of fiduciary duty and duty of loyalty of a corporate officer. Corporate officers owe a fiduciary duty of loyalty to their employer not to: (1) actively exploit their positions within the corporation for their own personal benefit; or (2) hinder the ability of a corporation to continue the business for which it was developed. *Cooper Linse Hallman Capital Management, Inc. v. Hallman*, 368 Ill.App.3d 353, 357 (2006).

In the Counterclaim and Third-Party Complaint, Defendants assert that Gustafson was employed by Defendants as the Director of Billing and Medical Records and a manager of APC. Defendants further allege that Gustafson owed a fiduciary duty to Defendants and breached this duty, causing harm to Defendants. Specifically, Defendants allege that as a result of Gustafson's misrepresentations about compensating Plaintiff, including the allegations in Plaintiff's Amended Complaint which directly contradict the representations Gustafson made to Defendants, Plaintiff has filed suit against Defendants and "Gustafson is independently responsible for any amounts that might be recovered by [Plaintiff] on his claims as alleged."

Gustafson avers that Defendants do not plead facts suggesting that she did anything to hinder APC in the conduct of its business. Defendants respond, stating that the lawsuit itself, brought against them by Plaintiff, is the precise hindrance of APC's ability to continue business. However, Defendants are not as specific in their Counterclaim and Third-Party Complaint as they are now in their response to the

instant motion to dismiss. In fact, it is unclear which *Hallman* element they rely on. Therefore, Defendants' present allegations of a "hindrance" (apparently the lawsuit filed against them based on Gustafson's alleged wrongful conduct) are vague and fail to put Gustafson on proper notice of the specific claim being brought against her and the basis for that claim. As a result, the Court finds that Defendants have not adequately pleaded a claim for breach of fiduciary duty and duty of loyalty against Gustafson and Count V is dismissed without prejudice.

## CONCLUSION

For the aforementioned reasons, the motion to dismiss is granted in part and denied in part. Counts III, V and VI are dismissed without prejudice. The Court denies Plaintiff and Gustafson's request to dismiss the entire Counterclaim and Third-Party Complaint based on preemption. However, to the extent that any of the claims in the Counterclaim and Third-Party Complaint seek indemnification and contribution for relief under the FLSA, they are preempted and dismissed with prejudice. Defendants are given fourteen (14) days from the entry of this order to amend the Counterclaim and Third-Party Complaint consistent with this Memorandum Opinion.

_____
Charles P. Kocoras
United States District Judge

Dated: 8/18/2015