UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIRK RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADVANCED PAIN CONSULTANTS, S.C., an Illinois Corporation, CENTER FOR INTERVENTIONAL PAIN MANAGEMENT, LLC, an Illinois Corporation, and NICHOLAS P. KONDELIS, M.D., | ) | |
| | ) | |
| Defendants. | ) | 15 C 479 |
| _____ | ) | |
| ADVANCED PAIN CONSULTANTS, S.C., an Illinois Corporation, CENTER FOR INTERVENTIONAL PAIN MANAGEMENT, LLC, an Illinois Corporation, and NICHOLAS P. KONDELIS, M.D., | ) | |
| | ) | |
| Counter-Plaintiffs and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIRK RICHMOND, | ) | |
| | ) | |
| Counter-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PROFESSIONAL ACCOUNT MANAGEMENT, a putative corporation, and DONNA JEAN GUSTAFSON, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on the motion of Plaintiff and Counter-Defendant Dirk Richmond ("Richmond") and Third-Party Defendant Donna Jean Gustafson ("Gustafson") to dismiss Counts III, VI, and IX of the amended Counterclaim and the amended Third-Party Complaint of Defendants, Counter-Plaintiffs, and Third-Party Plaintiffs, Advanced Pain Consultants, S.C. ("APC"), Center for Interventional Pain Management, LLC ("CIPM"), and Nicholas P. Kondelis, M.D. ("Dr. Kondelis") (collectively "Defendants") pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") and Fed. R. Civ. P. 9(b) ("Rule 9(b)"). For the following reasons, the motion is denied.

# BACKGROUND

Richmond and Gustafson previously filed a motion to dismiss Defendants' initial Counterclaim and Third-Party Complaint. This Court denied their "request to dismiss the entire Counterclaim and Third-Party Complaint based on preemption." *Advanced Pain Consultants v. Richmond*, 15 C 479, 2015 WL 4972231, at *1 (N.D. Ill. Aug. 18, 2015). "However, to the extent that any of the claims in the Counterclaim and Third-Party Complaint [sought] indemnification and contribution for relief under the FLSA" those claims were preempted and dismissed with prejudice. *Id.*

On September 1, 2015, Defendants filed an amended Counterclaim and Third-Party Complaint against Richmond, Gustafson, and Professional Account Management ("PAM"), a corporation allegedly owned by Gustafson, who is Richmond's mother. On September 15, 2015, Richmond and Gustafson filed a third amended Complaint against Defendants, asserting that Richmond had worked for Defendants and that Richmond had not received straight-time wages or overtime pay. Richmond alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et seq.*, Illinois Minimum Wage and Illinois Wage Payment statutes, and also pleaded claims for breach of employment agreement against APC and CIPM, retaliation, breach of a consulting agreement against APC, and quantum meruit against APC and CIPM. On the same day, Richmond and Gustafson filed a second motion to dismiss Counts III, VI, and IX of Defendants' amended Counterclaim and Third-Party Complaint.

For the purposes of the instant motion, the following well-pleaded allegations derived from Defendants' amended Counterclaim and Third-Party Complaint are accepted as true. The Court draws all reasonable inferences in favor of Defendants. Defendants allege that Gustafson and PAM were Richmond's actual employer and that they were responsible for compensating Richmond for straight-time wages and overtime pay. According to Defendants, in September of 2011, Dr. Kondelis and Gustafson entered into an agreement where Richmond, as an employee of PAM, would provide consulting services to APC. Dkt. 46 at ¶ 21. These consulting services

3

were later extended to CIPM. *Id*. Defendants claim that Richmond was an employee of PAM, that Gustafson and PAM would compensate Richmond for the consulting services he provided to APC and CIPM, that Gustafson and PAM "would be solely responsible for all reporting and taxation matters relat[ed] to Richmond including: withholdings for federal and state income taxation, FICA and any necessary reporting[,]" and that with respect to compensating Richmond, Gustafson and PAM "would comply with all wage and hour laws." *Id*. at ¶ 22. Defendants also allege that in 2011, after Richmond began providing consulting services to APC and CIPM, he made the same representations to Dr. Kondelis. *Id*. at ¶ 28.

Defendants allege nine different counts in their amended Counterclaim and Third-Party Complaint. The following counts are alleged against Gustafson and PAM: (i) Count I for declaratory judgment, describing Gustafson and PAM as Richmond's true employers; (ii) Count III for fraud and intentional misrepresentation; (iii) Count IV for breach of contract; (iv) Count V for breach of fiduciary duty and duty of loyalty (against Gustafson only); (v) Count VI for civil conspiracy; (vi) Count VII for contribution and indemnification (against Gustafson only); (vii) Count VIII for promissory estoppel; and (viii) Count IX for aiding and abetting (against Gustafson only). Defendants allege the following three counts against Richmond: (i) Count II for contribution and indemnification; (ii) Count III for fraud and intentional misrepresentation; and (iii) Count VI for civil conspiracy. Richmond and Gustafson

filed the instant motion to dismiss Counts III, VI, and IX of the amended Counterclaim and Third-Party Complaint.

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint and not the merits of the case." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the" purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claims must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[I]n order to withstand a motion to dismiss[,] a complaint must allege facts sufficiently setting forth the essential elements of the cause of action." *Bell & Howell Fin. Servs. Co., v. St. Louis Pre-Sort, Inc.*, No. 97 C 6063, 1999 WL 35316, at *3 (N.D. Ill. Jan. 11, 1999). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are

insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A complaint satisfies Rule 9(b) when it alleges "the who, what, when, where, and how" of the fraud. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). While the circumstances constituting fraud must be pleaded with particularity, a defendant's "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A plaintiff satisfies Rule 9(b) when he provides a "general outline of the fraud scheme" sufficient to "reasonably notify the defendants of their purported role" in the fraud. *Midwest Grinding Co. Inc., v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). When details of the fraud itself "are within the defendant's exclusive knowledge," specificity requirements are less stringent. *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994). Rule 9(b)'s heightened pleading standard is used to prevent "the potential stigmatic injury that comes with alleging fraud," *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011), and to discourage a "sue first, ask questions later" approach to fraud litigation. *Id*. at 441 (quoting *Berman v. Richford Indus., Inc.*, 78 Civ. 54, 1978 WL 1104, at *6 (S.D.N.Y. July 28, 1978)).

## DISCUSSION

### I. Count III—Fraud and Intentional Misrepresentation against Richmond, Gustafson, and PAM

Richmond and Gustafson argue that Count III fails because Defendants have not met the heightened pleading standard under Rule 9(b). In the alternative, Richmond and Gustafson argue that Count III should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

As outlined by the Seventh Circuit in *Wigod v. Wells Fargo Bank, N.A.*, the elements of fraudulent misrepresentation are: "(1) [a] false statement of material fact[;] (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance." 673 F.3d 547, 569 (7th Cir. 2012) (citing *Dloogatch v. Brincat*, 396 Ill. App. 3d 842, 847, 920 N.E.2d 1161, 1166 (2009)). "The facts which constitute an alleged fraud must be pleaded with sufficient specificity, particularity and certainty to apprise the opposing party of what he is called upon to answer." *Bd. of Educ. of City of Chi. v. A, C and S, Inc.*, 131 Ill. 2d 428, 457, 546 N.E.2d 580, 593 (1989). A party "must at least plead with sufficient particularity facts establishing . . . what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made." *Id.* at 594; *see also Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) ("To meet the particularity requirements of Rule 9(b), a complaint must specify the identity

of the person making the misrepresentation, the time, place, and content . . . and the method by which the misrepresentation was communicated . . ."). However, Rule 9(b) does not require a party "to demonstrate that a representation was indeed false." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).

After review, the Court finds that the amended Counterclaim and Third-Party Complaint contain sufficient detail to establish "the who, what, when, where, and how" surrounding the fraud. *See Borsellino*, 477 F.3d at 507. Furthermore, by including the additional factual details, as discussed below, Defendants have adequately pleaded facts to establish the essential elements of a cause of action for fraudulent misrepresentation. Therefore, Richmond's and Gustafson's motion to dismiss Count III is denied.

### A. False Statements

The amended Counterclaim and Third-Party Complaint contain sufficient additional detail to create "the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The amended Counterclaim and Third-Party Complaint now include specific details regarding to whom these allegedly false statements were made, when these statements were made, and where these statements were made. Defendants specifically allege that Gustafson made false statements to Dr. Kondelis, at the APC office, starting in late 2009 and that she continued to make false statements to Dr. Kondelis, at the APC office, from September of 2011 through mid-summer of 2012. Dkt. 46 at ¶¶ 14, 21-23.

Defendants provide details regarding the content of the misrepresentations, including that Gustafson made misrepresentations regarding Richmond's employment status and her responsibilities regarding Richmond's compensation.

Defendants have also added sufficient details regarding Richmond's allegedly false statements. While Defendants had previously stated that Richmond made false statements to Dr. Kondelis, the amended Counterclaim and Third-Party Complaint contain additional details describing when and where Richmond made these statements to Dr. Kondelis, the content of the allegedly false statements, and the method by which these statements were conveyed. Specifically, Defendants claim that Richmond made false statements to Dr. Kondelis starting in September of 2011 and continuing through mid-summer of 2012. Dkt. 46 at ¶¶ 28-29. According to Defendants, some of these conversations occurred at the APC office where Richmond allegedly said that he was an employee of PAM and he would remain an employee of PAM, that PAM and Gustafson would compensate him, and that PAM and Gustafson would be "responsible for all reporting and taxation matters and all wage and hour laws" for the consulting services he provided to APC and Dr. Kondelis. *Id.* By including additional details regarding who made the alleged misrepresentations, when and where they were made, how they were made, and the content of the alleged misrepresentations, Defendants have adequately included sufficient details to meet the heightened pleading standard of Rule 9(b). *See Sears*, 912 F.2d at 893; *see also Bell & Howell Fin. Servs. Co.*, 1999 WL 35316, at *3. The Court notes Richmond's and

Gustafson's argument that Defendants' use of the words, "represented," "affirmed," and "iterated" to describe the content of the allegedly false statements demonstrate Defendants' inability to "plead what *exactly* [Richmond] and [Gustafson] said to induce reliance . . .". (emphasis added). Dkt. 54 at 7. However, it is apparent to the Court that conversations occurred between Richmond, Gustafson and Defendants, and more importantly, Defendants have included "further particulars" that "flesh out [their] original pleading" in the amended Counterclaim and Third-Party Complaint, contrary to Richmond's and Gustafson's assertions otherwise. Exactitude of language is not required.

   **B. Knowledge**

While Rule 9(b) requires a party to plead with sufficient particularity the facts establishing the fraud, the rule "relaxes the particularity requirement for conditions of the mind . . . providing that '[m]alice, intent, knowledge, and other condition of mind . . . may be averred generally.'" *Bell & Howell Fin. Servs. Co.*, 1999 WL 35316, at *3 (citing Fed. R. Civ. P. 9(b)). However, the Seventh Circuit has noted that "[a]lthough Rule 9(b) does not require 'particularity' with respect to the defendants' mental state, the complaint still must afford a basis for believing that plaintiffs could prove scienter." *DiLeo*, 901 F.2d at 629. This Court recognized in its Memorandum Opinion from August 18, 2015, that Defendants had failed to properly allege the "knowledge" requirement necessary to plead a fraud claim because they failed to assert sufficient underlying facts that would allow this Court to reasonably infer that

Richmond and Gustafson acted with the required state of mind. *See Advanced Pain Consultants*, 2015 WL 4972231, at * 3 (citing *In re BP Lubricants USA Inc.,* 637 F.3d 1307, 1311 (Fed. Cir. 2011)). We found that Defendants had failed to provide details regarding when and where the allegedly false statements were made, to whom Richmond and Gustafson made these statements, and what was said to induce justifiable reliance. *Id.* at *3.

Although the amended Counterclaim and Third-party Complaint contain some conclusory statements regarding Richmond's and Gustafson's knowledge of the falsity of their statements, these allegations, taken in conjunction with the facts and details recently included by Defendants in their amendment, describe "specific facts that support an inference of fraud." *See Bell & Howell Fin. Servs. Co.*, 1999 WL 35316, at *3 (where the court concluded that "rote conclusions" describing a party's state of mind are insufficient to establish the knowledge requirement necessary to plead fraud, unless such a conclusion is "accompanied by facts from which [a court] could at least infer knowledge of the falsity of the representation."). By including details regarding when and where the allegedly false statements were made, to whom they were made, and what was said to induce justifiable reliance, Defendants have provided adequate facts from which a court could infer "knowledge of the falsity of the representations." Therefore, Defendants have pleaded sufficient particulars to establish the knowledge requirement under the heightened pleading standard

articulated by Rule 9(b) and they have pleaded sufficient particulars to establish the "knowledge" element of a common law fraud claim.

**C. Intent and Reliance**

Richmond and Gustafson also argue that "Defendants' bare assertions of reliance . . . without any further detail, do not meet the pleading standard of Rule 9(b)." Dkt. 54 at 9. "Failure to prove justifiable reliance is fatal to claims of fraudulent misrepresentation . . .". *Schrager v. N. Cmty. Bank*, 328 Ill. App. 3d 696, 709, 767 N.E.2d 376, 386 (2002). An allegation that a plaintiff "'relied' without more is simply a conclusory statement that gives no insight into the facts that plaintiff would ever be able to prove supporting the claim." *Dloogatch*, 920 N.E.2d at 1168. However, a plaintiff can allege actions, as opposed to unspoked or unrecorded thoughts and decisions, to demonstrate that the plaintiff "actually relied on the misrepresentations." *See id*. (citing *Small v. Fritz Co. Inc.*, 30 Cal. 4th 167, 184, 65 P.3d 1255, 1265 (2003)).

In the instant matter, Defendants have pleaded sufficient facts to demonstrate that they relied on the alleged misrepresentations. Furthermore, these facts also illustrate Richmond's and Gustafson's intent to induce Defendants to act. Defendants not only state that they relied on Richmond's and Gustafson's alleged misrepresentations, but they also describe the actions they took in reliance on these misrepresentations. Defendants relied on Richmond's and Gustafson's statements when they: (i) hired Gustafson to provide consulting services to APC and CIPM; (ii)

offered Gustafson a full-time management position; (iii) agreed to "enter into a more formal consulting relationship" with PAM and Gustafson; (iv) cut checks to PAM for the consulting services that Richmond provided to APC and CIPM; and (v) failed to maintain records documenting the hours Richmond provided consulting services to APC and CIPM through PAM and Gustafson. Dkt. 46 at ¶¶ 14-16, 20-21, 30, 33. Defendants have provided adequate details to establish "the who, what, when, where, and how" surrounding their alleged reliance. Ultimately, Defendants will have to prove justifiable reliance. However, at this point in litigation, Defendants have provided enough factual information to establish that this is not a situation where justifiable reliance can be determined as a matter of law because it is possible that a trier of fact may find that it was reasonable to rely on the alleged statements. Discovery will reveal whether Defendants had an opportunity to determine the truth of the allegedly false statements before acting in reliance upon them. Thus, at this early stage in litigation, the details and facts used to describe the actions that Defendants apparently engaged in, based on Richmond's and Gustafson's allegedly false statements, are specific enough to reasonably infer that Defendants relied on the misrepresentations.

**D. Damages**

Finally, Defendants claim that as a result of their reliance on the allegedly false statements they have suffered damages that include: (i) potential liability for the alleged violations of the FLSA, the Illinois Minimum Wage Law, and the Illinois

Wage Payment and Collection Act; and (ii) the expenses and fees associated with defending against the alleged violation of these statutes. "Under Illinois law, litigation expenses are not considered an appropriate form of damages, unless authorized by statute or provided for in a contractual agreement between the parties." *Emanuel v. Rolling in the Dough, Inc.*, No. 10 C 2270, 2010 WL 4627661, at *5 (N.D. Ill. Nov. 2, 2010). However, there is an exception to this general rule when "the natural and proximate consequences of a wrongful act have been to involve the plaintiff in litigation with others . . .". *Ritter v. Ritter*, 381 Ill. 549, 554-55, 46 N.E.2d 41, 44 (1943). The instant case is an exception to this general rule because Richmond's alleged wrongful acts have caused Defendants to engage in litigation with others, namely Gustafson and PAM.

Without expressing any opinion as to the merits of Defendants' fraudulent misrepresentation claim, "the Court finds that the allegations are at least sufficient to put [Richmond, Gustafson, and PAM] on notice of the claims brought against [them] and the basis for those claims." *See Emanuel*, 2010 WL 4627661, at *5. Furthermore, Defendants have satisfied the heightened pleading standard articulated by Rule 9(b). Consequently, Richmond's and Gustafson's motion to dismiss Count III for failure to satisfy Rule 9(b)'s particularity requirements and for failure to state a claim under Rule 12(b)(6) is denied.

**II. Count VI—Civil Conspiracy against Richmond, Gustafson, and PAM**

Richmond and Gustafson argue that Count VI fails because Defendants' claim for conspiracy to commit fraud depends on the success of their fraudulent misrepresentation claim alleged in Count III. However, as discussed above, Richmond's and Gustafson's arguments are unavailing as Defendants have pleaded sufficient facts to satisfy both the heightened pleading standard under Rule 9(b) and the general pleading standard under Rule 12(b)(6).

"A claim that 'sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino*, 447 F.3d at 507 (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2nd Cir. 2004)). Defendants' civil conspiracy claim is "premised upon a course of fraudulent conduct," and therefore Rule 9(b) is applicable. *See id*. (citing *Castillo v. First City Bancorporation of Tex., Inc.*, 43 F.3d 953, 961 (5th Cir. 1994) (claim of civil conspiracy to commit fraud falls under Rule 9(b)); *see also Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (same)).

"To succeed in a claim of civil conspiracy under Illinois law," a party must establish: "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Id*. at 509. "The agreement is a

'necessary and important' element of" a civil conspiracy claim. *McClure v. Owens Corning Fiberglas Corp.*, 118 Ill. 2d 102, 133, 720 N.E.2d 242, 258 (1999).

In the instant case, Defendants have provided sufficient allegations about the alleged conspiratorial agreement to satisfy Rule 9(b)'s particularity requirements. Defendants not only include the alleged purpose for the civil conspiracy (to allow Richmond to obtain compensation for consulting services while illegally continuing to receive Public Aid benefits and to preclude Richmond from having to pay state and federal taxes) but Defendants also include information regarding the nature of the alleged agreement, when the agreement was made, when and where Defendants were informed of the agreement, and how Defendants obtained this information. Dkt. 46 at ¶ ¶ 34-36, 90-94. These critical details regarding the alleged fraud conspiracy are sufficient to survive the motion to dismiss Count VI under both Rule 9(b) and under Rule 12(b)(6).

**III. Count IX—Aiding and Abetting against Gustafson**

As an initial matter, Richmond's and Gustafson's argument that Count IX is a wholly new count, and that its inclusion in the amended pleading exceeds the scope of this Court's Memorandum Opinion from August 18, 2015, is without merit. On September 22, 2015, Richmond's and Gustafson's motion to strike Count IX of the amended Counterclaim and Third-Party Complaint was denied. At that time, this Court granted Defendants' oral motion for leave to file Count IX *instanter*. Thus, the Court can and will address Richmond's and Gustafson's motion to dismiss Count IX

for failure to satisfy Rule 9(b)'s particularity requirements and for failure to state a claim under Rule 12(b)(6).

Under Illinois law, "to state a claim for aiding and abetting, Defendants must allege (1) the party whom [Gustafson] aids performed a wrongful act causing an injury, (2) [Gustafson] was aware of [her] role when [she] provided the assistance, and (3) [Gustafson] knowingly and substantially assisted the violation." *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006). However, the Seventh Circuit has noted that "aiding and abetting is a theory for holding the person who aids and abets liable for the tort itself. . . ". *Id*. Therefore, "[o]ne who aids and abets a fraud is guilty of the tort of fraud . . . nothing is added by saying that he is guilty of the tort of aiding and abetting as well or instead." *E. Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000). Defendants claim that Gustafson aided and abetted Richmond in committing fraud. As such, the heightened pleading standard articulated in Rule 9(b), again, guides our analysis.

As previously stated, Defendants have satisfied Rule 9(b)'s particularity requirements by including sufficient details regarding "the who, what, when, where, and how" regarding the alleged fraud. Moreover, the additional facts and details included in the amended Counterclaim and Third-Party Complaint are sufficient to establish the elements of knowledge, intent, and justifiable reliance, which are necessary to a common-law claim for fraud in Illinois. Defendants also pleaded adequate facts to establish damages due to their reliance on Richmond's and

Gustafson's allegedly false statements. By including these additional details, Defendants have established a fraud claim under both Rule 9(b) and Rule 12(b)(6). Thus, to the extent that Defendants' aiding and abetting claim against Gustafson relies on their fraudulent misrepresentation claim, this Court finds that Count IX satisfies both Rule 9(b) and Rule 12(b)(6), as Defendants have properly alleged that Gustafson made harmful, false statements, she was aware of her role when doing so, and she knowingly and substantially aided Richmond in committing the alleged fraud against Defendants. Consequently, Richmond's and Gustafson's motion to dismiss Count IX is denied.

## CONCLUSION

For the aforementioned reasons, the motion to dismiss Counts III, VI, and IX is denied.

_____
Charles P. Kocoras
United States District Judge

Dated: 11/30/2015